IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 NOV -2 AM 8: 15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF __ MEMPHIS

```
ODEAN COOPER,                    X
                                 X
        Plaintiff,               X
                                 X
                                 X
vs.                              X        No. 05-2482-Ml/V
                                 X
CITY OF RIPLEY, et al.,          X
                                 X
        Defendants.              X
                                 X
```

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING $250 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Odean Cooper, Tennessee Department of Correction prisoner number 144027, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee,[1] filed a pro se complaint pursuant to 42 U.S.C. § 1983 on July 7, 2005. The Clerk shall record the defendants as the City of Ripley, Tennessee; Ripley Police Officer Jeff Tutor; and Ripley Police Officer Greg Land.

Since the filing of his complaint, the plaintiff has filed motions on August 1, 2005; August 20, 2005; and September 20, 2005 seeking to ascertain the status of this action. On September 30, 2005, plaintiff submitted a timely jury demand.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-2-05

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the trust fund officer. Although the plaintiff has not submitted a trust fund account statement, the information supplied by the plaintiff is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in

_____

[2]   Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

2

plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his

change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the NWCX to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

## II.   Analysis of Plaintiff's Claims

The complaint alleges that, on December 21, 2001, defendants Tutor and Land illegally arrested the plaintiff and illegally seized his personal property, including an automobile, checks and currency in the amount of four hundred forty-one dollars ($441.00), a cell phone, a pager, and tools and personal items.

This allegedly unlawful search resulted in an indictment charging the plaintiff with possession of less than 0.5 grams of cocaine with intent to deliver, in violation of Tenn. Code Ann. § 39-17-417(c)(2). The case was tried before a jury in the Lauderdale County Criminal Court on January 20, 2004, and the plaintiff was acquitted.

4

After the verdict, the plaintiff contends he made an oral motion in the trial court seeking the return of his personal property that was seized on December 21, 2001. Defendant Tutor allegedly misrepresented to the trial court that plaintiff's property was forfeited to the Tennessee Department of Safety.

Plaintiff contacted the Department of Safety, which informed him, by letter dated February 6, 2004, that "[t]he Tennessee Department of Safety does not and never had jurisdiction over the seizure of a 1981 Oldsmobile bearing VIN No. 1G3AX37N63M284754. The Ripley Police Department has informed the Department of Safety that you were sent notice in December 2001 to pick up the 1981 Oldsmobile. When you did not pick up the 1981 Oldsmobile, it was sold as 'ABANDONED' in July 2003." Plaintiff contends he was given no information about the disposition of his other property, some of which was used as evidence in his trial.

The plaintiff seeks a letter of apology and compensatory and punitive damages in the amount of $162,589.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.[3]

---

[3]      In this case, the exhaustion requirement set forth in 42 U.S.C. § 1997e(a) is inapplicable because the complaint does not concern prison conditions.

A one-year statute of limitations is applicable to § 1983 actions brought in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-68 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). The search at issue occurred on December 21, 2001. Although the running of the statute of limitations was tolled until the plaintiff's acquittal on January 20, 2004, Potts v. Hill, 17 Fed. Appx. 302 (6th Cir. Aug. 16, 2001); Shamaeizadeh v. Cunigan, 182 F.3d 391 (6th Cir. 1999), plaintiff's complaint was signed on July 5, 2005, more than five months after the expiration of the limitations period. Accordingly, the complaint is time barred and is DISMISSED, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case

for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The next matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this ___1___ day of ~~October~~ NOV., 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[4]     Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CV-02482 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

Odean Cooper
NORTHWEST CORRECTIONAL COMPLEX
144027
960 State Route 212
Tiptonville, TN 38079

Honorable Jon McCalla
US DISTRICT COURT